UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| TYRONE B. HILL, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 12-40016-JLT |
| | * | |
| UNITED STATES, | * | |
| | * | |
| Defendant. | * | |

MEMORANDUM

February 12, 2013

TAURO, J.

I.      Introduction

Plaintiff Tyrone Hill, a federal prisoner proceeding pro se, brings a claim for negligence

against the United States under the Federal Tort Claims Act ("FTCA").[1]  Hill alleges that he was

assaulted by another inmate while in custody and that the correctional officer on duty failed to

respond to the "help" button and his calls for help.  The United States moves for dismissal under

Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction on the ground that

the discretionary function exception to the FTCA bars Hill's suit.  For the reasons set forth below,

the United States's Motion to Dismiss [#16] is DENIED WITHOUT PREJUDICE.

---

[1] In his complaint, Hill does not use the terms "negligence" or "Federal Tort Claims Act."
Rather, Hill states, "The United States has failed to provide a safe and secure housing."  Because
of Hill's pro se status and the posture of this case, this court construes the complaint liberally to
allege a claim for negligence under the FTCA.

II.     Factual Background[2]

Hill was an inmate at the Bureau of Prisons ("BOP") Federal Medical Center in Ayer,

Massachusetts.  On April 11, 2011, at approximately 8:30 a.m., Hill was in the shower room of

the N-5 Unit.  Corrections Officer S. Martin ("CO Martin") was conducting rounds at that time.

Michael Young, another inmate, entered the N-5 Unit shower room at approximately 8:30 a.m.,

and physically and sexually assaulted Hill.  Hill called out for help.  He also pushed the "help"

button in the shower room in order to alert officers that he was in need of assistance.  CO Martin

did not respond to Hill's calls for assistance or the "help" button.

III.    Procedural Background

Hill filed an administrative tort claim with the BOP on April 15, 2011.[3]  The BOP denied

his claim on October 14, 2011.[4]  Hill subsequently filed his Complaint [#1] on February 6, 2012.

On June 25, 2012, the United States filed a Motion to Dismiss [#16] under Rule 12(b)(1) for lack

of subject matter jurisdiction, claiming that the discretionary function exception to the FTCA bars

this suit.  Hill filed an opposition to the United States's motion on September 17, 2012.

IV.     Discussion

        A.      Legal Standard

A court may resolve a Rule 12(b)(1) motion in one of two ways.  First, where the

defendant challenges the legal sufficiency of the plaintiff's jurisdictional allegations, the court may

---

[2] The following facts are taken from Hill's Complaint [#1].

[3] Compl. Ex. 1 (Letter to Hill from BOP) [#1].

[4] Compl. Ex. 1.

resolve the challenge based on the face of the complaint.[5]  In doing so, the court must take all

well-pleaded facts as true and indulge all reasonable inferences in favor of the plaintiff.[6]

Alternatively, where the defendant challenges the factual basis for subject matter

jurisdiction, the plaintiff's jurisdictional allegations are entitled to no presumptive weight, and the

court must often look outside of the complaint.[7]  In this situation, the court "enjoys broad

authority to order discovery, consider extrinsic evidence, and hold evidentiary hearings in order to

determine its own jurisdiction."[8]

The United States's motion falls in the second category.  The United States does not

challenge the sufficiency of Hill's jurisdictional allegations.  Rather, it brings a substantive

challenge to the existence of subject matter jurisdiction.  This challenge implicates questions of

fact, including whether a mandatory directive governed CO Martin's conduct.  As a result, this

court has authority to order discovery if necessary to resolve the motion.

      B.        FTCA and the Discretionary Function Exception

The United States, as a sovereign, has immunity from suit, except where immunity is

---

[5] Valentin v. Hosp. Bella Vista, 254 F.3d 358, 363 (1st Cir. 2001)

[6] Id. (citing cases).

[7] Id.

[8] Id.  Additionally, "[i]n certain situations, the predicate facts can be so inextricably linked to the merits of the controversy that the district court should 'defer resolution of the jurisdictional issue until the time of trial.'"  Skwira v. United States, 344 F.3d 64, 72 n.10 (1st Cir. 2003) (quoting Valentin, 254 F.3d at 364 n.3).

waived.[9]  The FTCA contains a broad waiver of the federal sovereign immunity.[10]  It subjects the

United States to liability for "negligent acts of government employees acting within the scope of

their employment."[11]  "In proper circumstances, prisoners . . . may invoke the FTCA to seek

damages for injuries received while in confinement."[12]

The FTCA, however, also contains a number of statutory exceptions to its waiver of

sovereign immunity, such as the discretionary function exception.[13]  "When a claim is covered by

the discretionary function exception, it must be dismissed for lack of subject matter jurisdiction."[14]

The discretionary function exception applies if the government employee's acts are (1)

discretionary, and (2) "'based on considerations of public policy.'"[15]

Under the first prong, acts are discretionary if they "'involv[e] an element of judgment or

choice.'"[16]  Acts are not discretionary if a "'federal statute, regulation, or policy specifically

prescribes a course of action for an employee to follow,' because 'the employee has no rightful

---

[9] Id. at 72 (citing United States v. Mitchell, 445 U.S. 535, 538 (1980)).

[10] Kelly v. United States, 924 F.2d 355, 359 (1st Cir. 1991).

[11] Santana-Rosa v. United States, 335 F.3d 39, 42 (1st Cir. 2003) (citing 28 U.S.C. § 2674).

[12] Id. (citing United States v. Muniz, 374 U.S. 150, 153 (1963)).

[13] 28 U.S.C. § 2680(a).

[14] Kelly, 924 F.2d at 359 (citing 28 U.S.C. § 1346(b); Irving v. United States, 909 F.2d 598, 600 (1st Cir. 1990)).

[15] United States v. Gaubert, 499 U.S. 315, 322-23 (1991) (quoting Berkovitz v. United States, 486 U.S. 531, 537 (1988)); see also Santana-Rosa, 335 F.3d at 43.

[16] Gaubert, 499 U.S. at 322 (quoting Berkovitz, 486 U.S. at 536).

option but to adhere to the directive.'"[17]   Under the second prong, "a court must then assess

whether the Government's actions were the kind that the discretionary function exception was

designed to shield – that is, whether the Government's acts were 'susceptible to policy

analysis.'"[18]

The United States argues that the discretionary function exception bars Hill's claim

because BOP decisions regarding officer allocation and placement in prisons are discretionary and

grounded in public policy considerations.  Hill responds that he does not challenge officer

allocation and placement.  Rather, he specifically challenges the failure of the officers on duty to

respond to the "help" button and his calls for help.  Hill also argues that the following two BOP

program statements mandate officers' immediate response to inmate assaults:

> Program Statement 3000.03 Human Resource Management Manual: [T]he
> incumbent is required to shakedown inmates, conduct visual searches of inmate
> work and living areas for contraband, and is responsible for **immediately**
> responding to **any** institutional emergency.[19]

> Program Statement 3420.09(1) Standards for Employee Conduct: (a) Inattention
> to duty in a correctional environment can result in escapes, assaults, and other
> incidents.  Therefore, employees are required to remain fully alert and attentive
> during duty hours.  (b) Because failure to respond to an emergency may jeopardize
> the security of the institution, as well as the lives of staff and inmates, it is
> **mandatory** that employees respond **immediately** and **effectively** to **all** emergency
> situations.[20]

This court cannot determine whether the discretionary function exception applies to Hill's

---

[17] Id. (quoting Berkovitz, 486 U.S. at 536).

[18] Santana-Rosa, 335 F.3d at 43 (quoting Gaubert, 499 U.S. at 325).

[19] Def.'s Opp'n Mot. Dismiss 3 (emphasis in original).

[20] Def.'s Opp'n Mot. Dismiss 3-4 (emphasis in original).

claim from the face of the complaint alone.[21]  At the pleading stage, the court lacks sufficient

information to determine whether the BOP has any mandatory directive for immediate response to

either the "help" button or inmate calls for help.  While the United States denies the existence of

such a directive, Hill has provided two plausible options.  The significance of these program

statements, however, is ambiguous.  The statements do not indicate whether they were binding on

CO Martin or define what constitutes an "emergency."

Discovery is necessary to determine: (1) the significance of the quoted program

statements, (2) the existence of any other mandatory directives, (3) whether prison staff violated

these directives, and (4) whether prison staff made a discretionary judgment not based on public

policy considerations.  After this discovery, the court will be in a better position to determine

whether the discretionary function exception deprives this court of jurisdiction.[22]

V.      Conclusion

Because this court cannot resolve the issue of subject matter jurisdiction without

discovery, the United States's Motion to Dismiss [#16] is DENIED WITHOUT PREJUDICE.

AN ORDER HAS ISSUED.

    /s/ Joseph L. Tauro    
United States District Judge

---

[21] See Palay v. United States, 349 F.3d 418, 429-32 (7th Cir. 2003) ("It remains for his claim to be fleshed out with evidence before the court can say whether the discretionary function exception applies."); Sledge v. United States, 723 F. Supp. 2d 87, 92-98 (D.D.C. 2010).

[22] Contrary to the United States's arguments, Santana-Rosa v. United States, 335 F.3d 39 (1st Cir. 2003) does not require dismissal of Hill's complaint at this stage.  In Santana-Rosa, the First Circuit did not decide the question relevant to the United States's motion in this case – whether any BOP mandatory directive requires corrections officers to immediately respond to the "help" button or inmate calls for help.