UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| TYRONE B. HILL | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | C.A. No. 12-40016-JLT |
| | * | |
| UNITED STATES, | * | |
| | * | |
| Defendant. | * | |

MEMORANDUM AND ORDER ON PLAINTIFF'S
RENEWED MOTION FOR APPOINTMENT OF COUNSEL

TAURO, J.

For the reasons stated below, plaintiff's motion for appointment of counsel is allowed and the matter is referred to the Court's Pro Bono Coordinator. If a pro bono attorney does not volunteer to represent plaintiff, he will be required to represent himself.

I.   Background

Now before the Court is Plaintiff Tyrone Hill's renewed motion for appointment of counsel. See Docket No. 35. This action is brought under the Federal Tort Claims Act alleging that, while an inmate confined to FMC Devens, correctional officers failed to respond to Hill's calls for help during an assault by another inmate. Hill now resides in Miami, Florida. See Docket No. 39.

By Order and Memorandum dated February 12, 2013, Defendant's motion to dismiss was denied without prejudice because the Court determined that the issue of subject matter jurisdiction cannot be resolved without discovery. See Docket Nos. 32, 33. The Court explained that Hill could now renew his motion to appoint counsel. See Docket No. 32.

The instant motion was filed while Hill was still in custody. See Docket No. 35. In his motion, Hill avers (1) he is unable to afford counsel; (2) he suffers from post mental distress disorder; (3) he is prescribed psychiatric medication; (4) Hill may be unable to conduct discovery on his own; and (5) Hill has no legal education and depends on jailhouse lawyers for assistance. Id.

II.     Legal Standard

Under 28 U.S.C. § 1915(e)(1), the court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1).[1] However, a civil plaintiff lacks a constitutional right to free counsel. DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991). In order to qualify for appointment of counsel, a party must be indigent and exceptional circumstances must exist such that denial of counsel will result in fundamental unfairness impinging on the party's due process rights. Id. To determine whether exceptional circumstances sufficient to warrant the appointment of counsel are present in a case, the court must examine the total situation, focusing on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent him or herself. Id. at 24.

III.    Analysis

Here, plaintiff is indigent and unable to afford counsel. While incarcerated, Hill relied on the assistance of jailhouse lawyers. Although Hill is now free to investigate and pursue his claims without the obvious impediments associated with incarceration, he states that he is unfamiliar with legal proceedings and may not be able to conduct discovery on his own. Although many pro se litigants face the same obstacles, including psychological challenges, at this juncture, the Court finds merit to these proceedings and will allow Hill's motion.

### ORDER

ACCORDINGLY, for the reasons stated above, it is hereby Ordered that:

(1)     Plaintiff's motion for appointment of counsel (Docket No. 35) is allowed;

(2)     This matter is referred to the Court's Pro Bono Coordinator to attempt to secure counsel willing to represent Hill. Hill is advised that the grant of his motion to appoint counsel does not mean that he is guaranteed pro bono counsel. The Court's Pro Bono Coordinator will contact members of the local bar who have expressed an interest in pro bono representation in this Court and inform them

---

[1] In this District, there is no Plan authorizing the payment for counsel appointed for civil litigants such as the Plaintiff. Any appointment of counsel would therefore be contingent upon the availability of pro bono counsel to accept voluntarily an appointment. Cf. 18 U.S.C. § 3006A (providing for appointment of counsel in habeas petitions under 28 U.S.C. § 2241, § 2254 and motions under § 2255 and payment under the Criminal Justice Act).

       that the Court seeks a pro bono attorney for the plaintiff.  If, however, none of these attorneys agree to represent the plaintiff, he will be required to represent himself.

(3)    The Pro Bono Coordinator shall, by July 12, 2013, report to the Court the result of efforts to obtain pro bono counsel for Hill.

SO ORDERED.

  5/14/13                                          /s/ Joseph L. Tauro
DATE                                         UNITED STATES DISTRICT JUDGE